UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DONTA AUBRETY and<br>YOLANDA WILLIAMS,<br><br>Plaintiffs,<br>v.<br><br>THE CITY OF SAN ANTONIO;<br>City of San Antonio Police Officers<br>EMANUEL KEITH, JR.,<br>T. BARROWS,<br>B. SERNA and<br>PATRICK J. MURIEL; and<br>City of San Antonio Paramedics<br>DAVID CAVAZOS and<br>VIRGIL MITCHELL, Individually<br>and in their Official Capacities,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br><br>SA-05-CA-1011 FB (NN) |

## ORDER EXCLUDING EXPERT TESTIMONY BY DR. LEO K. EDWARDS

This order addresses motions filed by the defendants (docket entry #s 74 & 82) to exclude the opinions of Dr. Leo K. Edwards. In their motions, the defendants state that the plaintiffs' have indicated that Dr. Leo K. Edwards will serve as a medical expert.[1] The defendants assert numerous reasons to support their argument that Dr. Edwards is unqualified to serve as an expert in this case: Dr. Edwards treated the plaintiffs for only one day and at the request of the plaintiff's attorney, Dr. Edwards's affidavit contradicts his deposition testimony, Dr. Edwards is not board certified in any medical speciality, he has not written any articles for any medical journal, his opinions are based on incomplete and inaccurate information about the plaintiffs, and

---

[1] The plaintiffs have not designated Dr. Edwards as an expert witness pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure.

he is unqualified to advance opinions on the use of force by law enforcement officers. The defendants presented Dr. Edwards's affidavit and excerpts from his deposition to substantiate their positions. The defendants asserted that the plaintiffs have failed to demonstrate that Dr. Edwards is qualified to serve as an expert witness.

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. To satisfy Rule 702, the party offering the expert must prove by a preponderance of the evidence that the proffered testimony satisfies the requirements for expert testimony.[2] Here, the plaintiffs have not met that burden. Despite several extensions of time to respond to the defendants' motions, the plaintiffs have failed to respond. Without any proof that Dr. Edwards meets the requirements of Rule 702, he cannot serve as an expert witness. Consequently, I GRANT the defendants's motions (docket entry #s 74 & 82).

It is so ORDERED.

**SIGNED** on January 3, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[2] *See Mathis v. Exxon*, 302 F.3d 448, 459-60 (5th Cir. 2002).