UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DONTA AUBRETY and <br> YOLANDA WILLIAMS, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF SAN ANTONIO; <br> City of San Antonio Police Officers <br> EMANUEL KEITH, JR., <br> T. BARROWS, <br> B. SERNA and <br> PATRICK J. MURIEL; and <br> City of San Antonio Paramedics <br> DAVID CAVAZOS and <br> VIRGIL MITCHELL, Individually <br> and in their Official Capacities, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br><br> SA-05-CA-1011 FB (NN) |

**ORDER DENYING MOTION TO EXCLUDE**

This order addresses a motion filed by the City of San Antonio (the City) to exclude the testimony of Michael Levine (docket entry # 75). In its motion, the City indicated that the plaintiffs have designated Michael Levine as a law enforcement expert. The defendants advanced three reasons why Levine is not qualified to serve as an expert in this case—Levine's report is incomplete, Levine's opinions are based on credibility determinations, and Levine's methods are unreliable. In making these arguments, the defendants rely on a notebook containing Levine's consulting notes, a list of the materials Levine reviewed in developing his preliminary opinions, Levine's vitae, and his recommendations for further discovery (Levine's consulting notebook).

The plaintiffs responded and asserted that Levine's testimony would be reliable and would assist the jury. The plaintiffs complained that the City has interpreted Levine's consulting notes as the essence of his testimony. The plaintiffs suggested that the City's motion was premature because it was based on Levine's consulting notes and because the City had not yet deposed Levine. In further support of the reliability of Levine's testimony, the plaintiffs submitted Levine's supplemental report.

Rule 702 of the Federal Rules of Evidence provides for the admissibility of expert testimony if it will "assist the trier of fact to understand the evidence or to determine a fact in issue," and "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Rule 703 of the Federal Rules of Evidence further provides that an expert's opinion is generally admissible so long as the facts and data underlying that opinion are of a type reasonably relied on by experts in the field. The Scheduling Order in this case provides a time table for asserting objections to an expert's proposed testimony.[1] The party offering the expert must prove by a preponderance of the evidence that the proffered testimony satisfies the requirements of the rules.[2]

Levine's consulting notebook reflects that Levine has significant law enforcement experience that could assist a jury in determining whether the defendant law enforcement officers used excessive force. Levine described the evidence that he reviewed in depth and explained why he found some witness statements credible and other statements incredible. He explained

---

[1] Docket entry 14.

[2] *See Mathis v. Exxon*, 302 F.3d 448, 459-60 (5th Cir. 2002).

how his evaluation of the evidence formed his opinions.  Although the City complained that Levine's opinions are based on incomplete evidence, the opinions are based on essentially the same evidence that served as the basis of the opinions of the City's law enforcement expert.  In contrast, however, Levine's explanation of his methodology is more detailed than those of the City's expert as conveyed in the affidavit attached to the City's motion for summary judgment.  Levine's consulting notebook details how he reached his opinions, the evidence that served as the basis of his opinions, and why Levine relied on certain evidence in reaching his opinions.

Levine addressed the City's concerns about credibility assessments in his supplemental report.  There, Levine acknowledged that credibility determinations lie within the province of the jury and explained that the witness credibility determinations contained in his consulting notes were made for the purpose of giving the plaintiffs the benefit of his experience and training.  He explained that his review of statements by defendant officers and paramedics, the plaintiffs and eye witnesses "revealed significant contradictions and inconsistencies."  Levine stated that he felt it appropriate to point out how those differences affected his construction of his statement of facts.  Levine further stated that "to not reflect that reasoning in my work notes would have made my [s]tatement of [f]acts seem arbitrarily chosen with prejudice against the defendants' version of the events. . . ."  Faced with conflicting versions of the events that led to this lawsuit, this explanation is appropriate.

Deposing Levine might reveal a basis for excluding some or all of Levine's testimony.  Indeed, the expert report which defendants seek to exclude contains what Levine characterized as "preliminary" opinions.   At this early juncture of the case it would be premature for the court to rule that expert testimony from Levine is inadmissible for any purpose on any issue.  Having

reviewed Levine's report and defendants' motion in the context of the prevailing law, I find that plaintiffs have satisfied their burden and consequently , I DENY the defendants' motion (docket entry # 75).

It is so ORDERED.

**SIGNED** on January 9, 2007.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE